AMERICAN FREEHOLD LAND MORTGAGE Co. OF LONDON, Limited, *v.* WALKER and another.

(*Circuit Court, S. D. Georgia, W. D.* June 18, 1887.)

1. EQUITY—REFORMATION OF INSTRUMENT—SCOPE OF DECREE.
   A court of equity of the United States will not, on a bill filed to correct a formal defect in an instrument constituting a link in a chain of title, pass upon the validity of the title itself.
2. POWER—DEFECTIVE EXECUTION—AIDER.
   While generally the entire failure to execute a power will not be aided in equity, where the parties have begun to execute it, and the execution is defective through accident or mistake, equity may decree a complete and perfect execution.
3. SAME—EQUITY JURISDICTION.
   This is an extraordinary jurisdiction, but it will be exercised to further the meritorious equities of purchasers, including mortgagees, lessees, and creditors.
4. SAME—LIMITS OF JURISDICTION.
   Defects which will be corrected in the execution of a power are matters of form, such as the want of a seal or witnesses, or of signatures, and not matters of substance or essence.

(*Syllabus by the Court.*)

In Equity.    Demurrer.
*Martin & Worrell* and *Hill & Harris,* for complainant.
*Patterson & Willingham,* for defendants.

SPEER, J.    The allegations of complainant's bill are that the defendant Alice J. Walker made application to Sherwood, the agent of complainant, for a loan of $1,000 upon certain real estate as security. The loan was made, and Alice J. Walker, who was the owner of the land, executed and delivered to complainant a promissory note therefor, and a deed to secure the sum due thereon; that Alice J. Walker executed a power of attorney to her husband, Allen M. Walker, to execute the deed, but by inadvertence the power of attorney was executed in the presence of one witness only, when, under the law of Georgia, two witnesses are required, where the power relates to the execution of titles to land. The bill prays that the formal defect in the power of attorney be corrected, and that the conveyance to secure the debt be held valid. To this bill the defendants demur generally, and for special demurrer insist that the deed under the power of attorney was made to Sherwood, and that the complainants were strangers to the transaction; and, further, that, because the power of attorney was defective, a court of equity would not, in correcting the power of attorney, pass upon the validity of the deed executed under it.

As to the first ground of demurrer, it is sufficient to say that the bill alleges that Sherwood was the agent of the complainant.

So far as the last ground of demurrer is involved, the contention of the defendants is well founded. The court will not pass upon the validity of the title upon an equitable proceeding to correct an error in an instru-

ment constituting a link of the title. This is, however, to be corrected in framing the decree, if the bill sets forth grounds for equitable action. A demurrer will not be sustained because a prayer is too ample or exacting in the relief sought, but the proper relief can be accorded and limited by the decree. As a general rule, the entire failure to execute a power will not be aided in equity. Where, however, a party has begun to execute, and the execution is defective through accident or mistake, equity may interpose its aid by decreeing a complete and perfect execution. This is an extraordinary jurisdiction, and is only exercised in behalf of those who are considered as possessing meritorious equities or against those who have no equally meritorious defenses. Its operation affects, among others, purchasers, including mortgagees, lessees, and creditors. As to the defects of execution of a power which will be corrected, they are not such defects as are of the substance and essence of the power, but are matters of form, such as the want of a seal, or of witnesses, or of signatures, etc. *Tollett* v. *Tollett*, 1 Lead. Cas. Eq. 365, and notes; 2 Pom. Eq. par. 834, and authorities cited.

The demurrer is overruled.